IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BEN ITO, | NO. 5:10-cv-04750 EJD |
| Plaintiff(s), | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| STANFORD UNIVERSITY, | [Docket Item Nos. 53, 58] |
| Defendant(s). | |

In a First Amended Complaint ("FAC"), Plaintiff Ben Ito ("Ito") alleges that Defendant Stanford University ("Stanford") committed Major Fraud Against the United States in violation of U.S.C. § 1031. This is Ito's second attempt to plead an appropriate cause of action against Stanford. His first complaint was dismissed by the Court for lack of standing. See Docket Item No. 51. Stanford again moves to dismiss the FAC for lack of standing. Ito did not file an opposition to this motion, nor did he appear at the hearing on July 15, 2011. For the reasons stated below, the motion to dismiss will be granted.[1]

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

Ito alleges that Stanford is falsely representing the wave theory of light as valid, specifically, he claims that Stanford is "[s]cheming to justify the wave theory of light, using wave theory to represent matter . . . ." Complaint at ¶ 5. He also claims that Stanford has obtained federal grants based on those false representations. *Id*. Furthermore, Ito states that due to Stanford's support of

---

[1] This disposition is not intended for publication in the official reports.

1

Case No. 5:10-cv-04750 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (EJDEX2)

the wave theory of light, he has suffered financial damages in the amount of $80,000. *Id.* at ¶ 20.

On January 24, 2011, Stanford filed a Motion to Dismiss for failure to plead standing and failure to state a claim upon which relief can be granted. On February 23, 2011, the court granted the motion with leave to amend. Ito filed an amended complaint on February 24, 2011. Stanford then filed the instant motion pursuant to Rule 12(b)(1), and in the alternative, Rule 12(b)(6) on May 2, 2011.

## II. STANDARD FOR MOTION TO DISMISS

A party can file a motion to dismiss with the Court for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) motion may be either facial or factual. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). A facial 12(b)(1) motion involves an inquiry confined to the allegations in the complaint, whereas a factual 12(b)(1) motion permits the court to look beyond the complaint to extrinsic evidence. *Id*. When a defendant makes a facial challenge, all material allegations in the complaint are assumed true, and the court must determine whether lack of federal jurisdiction appears from the face of the complaint itself. *Thornhill Publ'g Co. v. General Tel. Elec.*, 594 F.2d 730, 733 (9th Cir. 1979).

On a factual challenge, the party opposing the motion must produce affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction. *Safe Air For Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Under a factual attack, the court need not presume the plaintiff's allegations as true. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000); *accord Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). In the absence of a full-fledged evidentiary hearing, however, disputed facts pertinent to subject matter jurisdiction are viewed in the light most favorable to the nonmoving party. *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996). The disputed facts related to subject matter should be treated as they would in a motion for summary judgment. *Id*.

Leave to amend should be freely granted "unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv–Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000); Fed. R. Civ. P. 15(a). Where amendment to the

complaint would be futile, the court may order dismissal with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

## III. DISCUSSION

The issue here is standing. A party invoking federal jurisdiction must establish that he has the requisite standing to sue before the Court may entertain the merits of his claim. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Standing ensures that regardless of the merits of a claim, a suit is brought by the proper party. *Arakaki v. Lingle*, 477 F.3d 1048, 1059 (9th Cir. 2007).

The Major Fraud Act creates a private right of action for any individual who is discharged, demoted, threatened, or otherwise discriminated against "[i]n the terms and conditions of employment by an employer because of lawful acts done by the employee on behalf of the employee or others in furtherance of a prosecution under this sectio[n]" and did not participate in the unlawful activity that is the subject of said prosecution. 18 U.S.C. § 1031(h). Therefore, to have standing to sue under § 1031, an individual must allege that: (1) he was an employee of the Defendant, and (2) Defendant took adverse employment action against him. *See Id*.

In the instant case, Ito does not allege either of the necessary elements for standing to sue under the Major Fraud Act. First, Ito fails to plead facts demonstrating that he is now, or has ever been, an employee of Stanford University. This alone is fatal to his claim. But nonetheless looking at the second element, Ito alleges that Defendant's support of the wave theory of light harmed him in the amount of $80,000; however, he does demonstrate the type of concrete injury required by the Act. Since he was never an employee, it is axiomatic that he will never be able to plead, let alone prove, an appropriate injury. Thus, Ito lacks standing to bring this action. For these reasons, as before, the complaint must be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

The court previously afforded Ito the opportunity to amend his complaint and plead facts supporting his employment with Stanford and to show a concrete injury, yet he has failed to do so. Ito submitted an amended complaint largely identical to his original complaint and did not file an

1 opposition to Stanford's Motion to Dismiss. In this regard, Plaintiff did not heed the court's
2 warning that persistence in asserting claims which do not rest on any non-frivolous legal basis could
3 be grounds for sanctions. It does not appear that Ito will be able to amend his complaint to cure the
4 deficiency. Therefore, the Court finds it appropriate to dismiss the complaint without leave to
5 amend.

## IV. ORDER

Based on the foregoing, Defendant's Motion to Dismiss is GRANTED without leave to amend. This order effectively terminates this case. The clerk shall therefore close this file.

**IT IS SO ORDERED.**

Dated: July 18, 2011



EDWARD J. DAVILA
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Quinn Allen Arntsen quinn.arntsen@pillsburylaw.com
Alice Kwong Ma Hayashi alice.hayashi@pillsburylaw.com

**Dated: July 18, 2011**                                                   **Richard W. Wieking, Clerk**

                                                                           **By:    /s/ EJD Chambers**
                                                                                **Elizabeth Garcia**
                                                                                **Courtroom Deputy**